STEPHEN H. TURNER, SB# 89627
E-Mail: turner@lbbslaw.com
ALISHA M. LEE, SB# 219808
E-Mail: alee@lbbslaw.com
**LEWIS BRISBOIS BISGAARD & SMITH LLP**
221 North Figueroa Street, Suite 1200
Los Angeles, California 90012
Telephone: (213) 250-1800
Facsimile: (213) 250-7900

Attorneys for Defendants ARS NATIONAL SERVICES, INC. and JASON A. HOWERTON

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

| | |
|---|---|
| RAYMOND CHARLES MEYER,<br><br>Plaintiff,<br><br>v.<br><br>ARS NATIONAL SERVICES, INC., D/B/A ASSOCIATED RECOVERY SYSTEMS, a California corporation, and JASON A. HOWERTON, individually and in his official capacity,<br><br>Defendants. | CASE NO. C 08-01842 RMW<br><br>The Hon. Robert M. Whyte<br><br>**DEFENDANT JASON A. HOWERTON'S ANSWER TO COMPLAINT AND DEMAND FOR JURY TRIAL**<br><br>Action Filed:   April 7, 2008<br>Trial Date:      None |

Defendant JASON A. HOWERTON ("Defendant"), for himself and for no other defendant, answers the complaint as follows:

(1) Answering paragraph No. 1, Defendant denies that he has violated any statute whatsoever. As to the remaining allegations, Defendant lacks sufficient information and belief on which to either admit or deny the allegations and on that basis, denies each and every allegation.

(2) Answering paragraph No. 2, Defendant lacks sufficient information and belief on which to either admit or deny the allegations and on that basis, denies each and every allegation.

(3) Answering paragraph No. 3, Defendant denies that he has violated any

4841-0103-0914.1
-1-
HOWERTONS'S ANSWER TO COMPLAINT

1  statute whatsoever. As to the remaining allegations, Defendant lacks sufficient
2  information and belief on which to either admit or deny the allegations and on that
3  basis, denies each and every allegation.

4  (4) Answering paragraph No. 4, Defendant lacks sufficient information and
5  belief on which to either admit or deny the allegations and on that basis, denies each
6  and every allegation.

7  (5) Answering paragraph No. 5, Defendant lacks sufficient information and
8  belief on which to either admit or deny the allegations and on that basis, denies each
9  and every allegation.

10 (6) Answering paragraph No. 6, Defendant lacks sufficient information and
11 belief on which to either admit or deny the allegations and on that basis, denies each
12 and every allegation.

13 (7) Answering paragraph No. 7, Defendant admits the allegations contained
14 therein.

15 (8) Answering paragraph No. 8, Defendant admits that Jason A. Howerton
16 is a natural person, was an employee of ARS National Services, Inc. at all relevant
17 times, and may be served at his business address as stated. Defendant denies that Mr.
18 Howerton is a "debt collector" within the meaning of 15 U.S.C. §1692a(6) and Cal.
19 Civil Code § 1788.2(c). As to the remaining allegations, Defendant lacks sufficient
20 information and belief on which to either admit or deny the allegations and on that
21 basis, denies each and every allegation.

22 (9) Answering paragraph No. 9, Defendant lacks sufficient information and
23 belief on which to either admit or deny the allegations and on that basis, denies each
24 and every allegation.

25 (10) Answering paragraph No. 10, Defendant lacks sufficient information
26 and belief on which to either admit or deny the allegations and on that basis, denies
27 each and every allegation.

28 (11) Answering paragraph No. 11, Defendant lacks sufficient information

LEWIS BRISBOIS BISGAARD & SMITH LLP
221 NORTH FIGUEROA STREET, SUITE 1200
LOS ANGELES, CALIFORNIA 90012-2601
TELEPHONE (213) 250-1800

and belief on which to either admit or deny the allegations and on that basis, denies each and every allegation.

(12) Answering paragraph No. 12, Defendant lacks sufficient information and belief on which to either admit or deny the allegations and on that basis, denies each and every allegation.

(13) Answering paragraph No. 13, the letter speaks for itself.

(14) Answering paragraph No. 14, Defendant lacks sufficient information and belief on which to either admit or deny the allegations and on that basis, denies each and every allegation.

(15) Answering paragraph No. 15, Defendant lacks sufficient information and belief on which to either admit or deny the allegations and on that basis, denies each and every allegation.

(16) Answering paragraph No. 16, the letter speaks for itself.

(17) Answering paragraph No. 17, Defendant lacks sufficient information and belief on which to either admit or deny the allegations and on that basis, denies each and every allegation.

(18) Answering paragraph No. 18, Defendant lacks sufficient information and belief on which to either admit or deny the allegations and on that basis, denies each and every allegation.

(19) Answering paragraph No. 19, Defendant lacks sufficient information and belief on which to either admit or deny the allegations and on that basis, denies each and every allegation.

(20) Answering paragraph No. 20, Defendant lacks sufficient information and belief on which to either admit or deny the allegations and on that basis, denies each and every allegation.

(21) Answering paragraph No. 21, Defendant lacks sufficient information and belief on which to either admit or deny the allegations and on that basis, denies each and every allegation.

(22)   Answering paragraph No. 22, the letter speaks for itself.

(23)   Answering paragraph No. 23, Defendant lacks sufficient information and belief on which to either admit or deny the allegations and on that basis, denies each and every allegation.

(24)   Answering paragraph No. 24, Defendant denies each and every allegation contained therein.

(25)   Answering paragraph No. 25, Defendant denies each and every allegation contained therein and further denies that he has violated any statute whatsoever.

(26)   Answering paragraph No. 26, Defendant denies each and every allegation contained therein and further denies that he has violated any statute whatsoever.

(27)   Answering paragraph No. 27, Defendant lacks sufficient information and belief on which to either admit or deny the allegations and on that basis, denies each and every allegation.

(28)   Answering paragraph No. 28, Defendant repeats paragraphs 1 through 26 of this answer as if set forth at length herein.

(29)   Answering paragraph No. 29, Defendant lacks sufficient information and belief on which to either admit or deny the allegations and on that basis, denies each and every allegation.

(30)   Answering paragraph No. 30, Defendant admits the allegations contained therein.

(31)   Answering paragraph No. 31, Defendant denies each and every allegation contained therein.

(32)   Answering paragraph No. 32, Defendant lacks sufficient information and belief on which to either admit or deny the allegations and on that basis, denies each and every allegation.

(33)   Answering paragraph No. 33 and each subpart therein, Defendant denies

1  each and every allegation contained therein and further denies that he has violated
2  any statute whatsoever.
3      (34)   Answering paragraph No. 34, Defendant denies each and every
4  allegation contained therein.
5      (35)   Answering paragraph No. 35, Defendant denies that he has violated any
6  statute whatsoever and further denies that plaintiff is entitled to any damages
7  whatsoever.
8      (36)   Answering paragraph No. 36, Defendant lacks sufficient information
9  and belief on which to either admit or deny the allegations and on that basis, denies
10 each and every allegation.
11     (37)   Answering paragraph No. 37, Defendant incorporates paragraphs 1
12 through 36 as if set forth at length herein.
13     (38)   Answering paragraph No. 38, Defendant lacks sufficient information
14 and belief on which to either admit or deny the allegations and on that basis, denies
15 each and every allegation.
16     (39)   Answering paragraph No. 39, Defendant admits the allegations
17 contained therein.
18     (40)   Answering paragraph No. 40, Defendant denies each and every
19 allegation contained therein.
20     (41)   Answering paragraph No. 41, Defendant lacks sufficient information
21 and belief on which to either admit or deny the allegations and on that basis, denies
22 each and every allegation.
23     (42)   Answering paragraph No. 42 and each subpart therein, Defendant denies
24 each and every allegation contained therein and further denies that he has violated
25 any statute whatsoever.
26     (43)   Answering paragraph No. 43, Defendant denies each and every
27 allegation contained therein.
28     (44)   Answering paragraph No. 44, Defendant denies that he has violated any

LEWIS BRISBOIS BISGAARD & SMITH LLP
221 NORTH FIGUEROA STREET, SUITE 1200
LOS ANGELES, CALIFORNIA 90012-2601
TELEPHONE (213) 250-1800

1  statute whatsoever and denies that Plaintiff is entitled to any damages whatsoever.

2  (45)  Answering paragraph No. 45, Defendant denies that he has violated any
3  statute whatsoever and denies that Plaintiff is entitled to any damages whatsoever.

4  (46)  Answering paragraph No. 46, Defendant denies that he has violated any
5  statute whatsoever and denies that Plaintiff is entitled to any damages whatsoever.

6  (47)  Answering paragraph No. 47, Defendant notes that Plaintiff purports to
7  accurately describe the law. To the extent that plaintiff's representation of the law is
8  inaccurate, Defendant denies each and every allegation contained therein.

### FIRST AFFIRMATIVE DEFENSE

1. As a separate, affirmative defense, Defendant alleges that the Complaint, and each and every purported cause of action contained therein, fails to state facts sufficient to constitute a cause of action.

### SECOND AFFIRMATIVE DEFENSE

2. As a separate, affirmative defense, Defendant alleges that the alleged actions of Defendant were proper and did not violate any provisions of 15 U.S.C. §1692 et. seq.

### THIRD AFFIRMATIVE DEFENSE

3. As a separate, affirmative defense, Defendant alleges that at all times mentioned in the Complaint, Defendant acted lawfully and within his legal rights, with a good faith belief in the exercise of that right, and in the furtherance of a legitimate business purpose. Further, Defendant acted in good faith in the honest belief that the acts, conduct and communications, if any, of the Defendant were justified under the circumstances based on information reasonably available to this answering Defendant.

### FOURTH AFFIRMATIVE DEFENSE

4. As a separate, affirmative defense, Defendant alleges that the alleged actions of the Defendant were not accompanied by actual malice, intent or ill will.

## FIFTH AFFIRMATIVE DEFENSE

5.  As a separate, affirmative defense, Defendant alleges that Defendant's conduct, communications and actions, if any, were privileged.

## SIXTH AFFIRMATIVE DEFENSE

6.  As a separate, affirmative defense, assuming arguendo that this answering Defendant violated a statute alleged in the complaint, which presupposition the answering Defendant denies, such violation was not intentional and resulted from a bona fide error, notwithstanding the maintenance of procedures reasonably adapted to avoid any such error.

## SEVENTH AFFIRMATIVE DEFENSE

7.  As a separate, affirmative defense, Defendant alleges that Plaintiff is barred from any recovery against this answering Defendant by the doctrine of laches.

## EIGHTH AFFIRMATIVE DEFENSE

8.  As a separate, affirmative defense, Defendant alleges that its conduct, communications and actions, if any, were privileged pursuant to Civil Code §1785.32.

## NINTH AFFIRMATIVE DEFENSE

9.  As a separate, affirmative defense, Defendant alleges that it, at all times alleged in the complaint, maintained reasonable procedures created to prevent any type of intentional violations of the Fair Debt Collection Practices Act.

## TENTH AFFIRMATIVE DEFENSE

10. As a separate, affirmative defense, Defendant alleges that if Plaintiff was damaged in any sum or sums alleged, which Defendant denies, then Plaintiff's damages are limited by 15 U.S.C. §1692(k)(a)(1), §1692(k)(a)(2)(A), §1692(k)(a)(3) and 15 U.S.C. § 1692(k)(b)(1).

## ELEVENTH AFFIRMATIVE DEFENSE

11. As a separate, affirmative defense, Defendant alleges that Defendant's conduct, communications and actions, if any, were privileged pursuant

to 15 U.S.C. §1692(k)(c).

### TWELFTH AFFIRMATIVE DEFENSE

12. As a separate, affirmative defense, Defendant alleges that the alleged actions of Defendant were proper and did not violate any provisions of Cal. Civ. Code § 1788, *et seq.*

### THIRTEENTH AFFIRMATIVE DEFENSE

13. As a separate, affirmative defense, Defendant alleges that the alleged actions of the Defendant were privileged pursuant to Federal and State Common Law.

### FOURTEENTH AFFIRMATIVE DEFENSE

14. As a separate, affirmative defense, Defendant alleges that if Plaintiff was damaged in any sum or sums alleged, which Defendant denies, Plaintiff failed to mitigate his damages.

### FIFTEENTH AFFIRMATIVE DEFENSE

15. As a separate, affirmative defense, Defendant alleges that if Plaintiff was damaged in any sum or sums alleged, which Defendant denies, Defendant's alleged acts or omissions were not a proximate cause of said damages.

WHEREFORE, this answering Defendant prays,

1. For a judgment in favor of Defendant, and against Plaintiff, and that Plaintiff take nothing by reason of said Complaint;

2. That this answering Defendant be awarded cost of suit herein and such other further relief as the Court deems just.

### DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Defendant demands trial by jury.

/ / /
/ / /
/ / /

| | | |
|---|---|---|
| 1 | DATED: April 28, 2008 | LEWIS BRISBOIS BISGAARD & SMITH LLP |

By _____
Stephen H. Turner
Alisha M. Lee
Attorneys for Defendants ARS National
Services, Inc. and JASON A. HOWERTON

LEWIS BRISBOIS BISGAARD & SMITH LLP
221 NORTH FIGUEROA STREET, SUITE 1200
LOS ANGELES, CALIFORNIA 90012-2601
TELEPHONE (213) 250-1800

4841-0103-0914.1

-9-

HOWERTONS'S ANSWER TO COMPLAINT

## CERTIFICATE OF SERVICE

I certify that on the 28th day of April, 2008, I electronically transmitted the foregoing document to the Clerk's office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Fred W. Schwinn, Esq.
CONSUMER LAW CENTER, INC.
Attorneys for Plaintiff

By:  /s/ Alisha M. Lee

LEWIS BRISBOIS BISGAARD & SMITH LLP
221 NORTH FIGUEROA STREET, SUITE 1200
LOS ANGELES, CALIFORNIA 90012-2601
TELEPHONE (213) 250-1800

4841-0103-0914.1

HOWERTONS'S ANSWER TO COMPLAINT