Fred W. Schwinn (SBN 225575)
CONSUMER LAW CENTER, INC.
12 South First Street, Suite 1014
San Jose, California 95113-2418
Telephone Number: (408) 294-6100
Facsimile Number: (408) 294-6190
Email Address: fred.schwinn@sjconsumerlaw.com

Attorney for Plaintiff
RAYMOND CHARLES MEYER

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF CALIFORNIA
## SAN JOSE DIVISION

| | |
|---|---|
| RAYMOND CHARLES MEYER,<br><br>      Plaintiff,<br><br>v.<br><br>ARS NATIONAL SERVICES, INC., D/B/A ASSOCIATED RECOVERY SYSTEMS, a California corporation, and JASON A. HOWERTON, individually and in his official capacity,<br><br>      Defendants. | Case No. C08-01842-RMW-PVT<br><br>**MOTION FOR SUMMARY JUDGMENT AGAINST DEFENDANT, ARS NATIONAL SERVICES, INC.**<br><br>Date:  July 11, 2008<br>Time:  9:00 a.m.<br>Judge:  Honorable Ronald M. Whyte<br>Courtroom: Courtroom 6, 4th Floor<br>Place:  280 South First Street<br>     San Jose, California |

   COMES NOW the Plaintiff, RAYMOND CHARLES MEYER, by and through his attorney

Fred W. Schwinn of the Consumer Law Center, Inc., and pursuant to Fed. R. Civ. P. 56 and Civil

L.R. 7-2, hereby moves this Court for an Order: 1) declaring that ARS's answering machine

messages violated the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692d(6) and 1692e(11);

2) declaring that ARS's answering machine messages violated the Rosenthal Fair Debt Collection

Practices Act, Cal. Civil Code §§ 1788.11(b), and 1788.17; 3) awarding Plaintiff statutory damages

in the amount of $1,000 pursuant to 15 U.S.C. § 1692k(a)(2)(A); 4) awarding Plaintiff statutory

penalty in the amount of $1,000 pursuant Cal. Civil Code § 1788.30(b); 5) awarding Plaintiff

statutory damages in the amount of $1,000 pursuant to 15 U.S.C. § 1692k(a)(2)(A) as incorporated

by Cal. Civil Code § 1788.17; 6) awarding Plaintiff the costs of this action and reasonable attorneys

fees pursuant to 15 U.S.C. § 1692k(a)(3) and Cal. Civil Code §§ 1788.30(c) and 1788.17; and 7)

1  awarding Plaintiff such other and further relief as may be just and proper.  In support of his Motion,

2  Plaintiff states as follows:

3          1.      No material issues of fact are in dispute concerning Defendants' liability,

4  therefore, Plaintiff is entitled to summary judgment as a matter of law.

5          2.      Plaintiff further refers the Court to his Memorandum of Points and Authorities

6  in Support filed simultaneously herewith.

7

8                                              CONSUMER LAW CENTER, INC.

9

                                               By: /s/ Fred W. Schwinn
10                                                  Fred W. Schwinn, Esq.
                                                   Attorney for Plaintiff
11                                                  RAYMOND CHARLES MEYER

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MOTION FOR PARTIAL SUMMARY JUDGMENT                    Case No.  C08-01842-RMW-PVT

1   Fred W. Schwinn (SBN 225575)
    CONSUMER LAW CENTER, INC.
2   12 South First Street, Suite 1014
    San Jose, California 95113-2418
3   Telephone Number: (408) 294-6100
    Facsimile Number: (408) 294-6190
4   Email Address: fred.schwinn@sjconsumerlaw.com

5   Attorney for Plaintiff
    RAYMOND CHARLES MEYER

6

7

8            IN THE UNITED STATES DISTRICT COURT
          FOR THE NORTHERN DISTRICT OF CALIFORNIA
9                    SAN JOSE DIVISION

10  RAYMOND CHARLES MEYER,            Case No. C08-01842-RMW-PVT

11                    Plaintiff,      NOTICE OF MOTION FOR
                                      SUMMARY JUDGMENT AGAINST
12  v.                                DEFENDANT, ARS NATIONAL
                                      SERVICES, INC.
13  ARS NATIONAL SERVICES, INC., D/B/A
14  ASSOCIATED RECOVERY SYSTEMS, a    Date:       July 11, 2008
    California corporation, and JASON A.   Time:       9:00 a.m.
15  HOWERTON, individually and in his official   Judge:      Honorable Ronald M.
    capacity,                                      Whyte
16                                    Courtroom:  Courtroom 6, 4th Floor
                      Defendants.     Place:      280 South First Street
17                                                San Jose, California

18  TO: ALL DEFENDANTS AND THEIR COUNSEL OF RECORD:

19          PLEASE TAKE NOTICE that on July 11, 2008, at 9:00 a.m., or as soon thereafter as this

20  matter may be heard, in Courtroom 6 of the United States District Court located at 280 South First

21  Street, San Jose, California, before the Honorable Ronald M. Whyte, United States District Judge,

22  Plaintiff, RAYMOND CHARLES MEYER ("Movant"), will move the Court for an Order: 1)

23  declaring that ARS's answering machine messages violated the Fair Debt Collection Practices Act,

24  15 U.S.C. §§ 1692d(6) and 1692e(11);  2) declaring that ARS's answering machine messages

25  violated the Rosenthal Fair Debt Collection Practices Act, Cal. Civil Code §§ 1788.11(b), and

26  1788.17; 3) awarding Plaintiff statutory damages in the amount of $1,000 pursuant to 15 U.S.C. §

27  1692k(a)(2)(A); 4) awarding Plaintiff statutory penalty in the amount of $1,000 pursuant Cal. Civil

28  Code § 1788.30(b); 5) awarding Plaintiff statutory damages in the amount of $1,000 pursuant to 15

-1-

1   U.S.C. § 1692k(a)(2)(A) as incorporated by Cal. Civil Code § 1788.17; 6) awarding Plaintiff the

2   costs of this action and reasonable attorneys fees pursuant to 15 U.S.C. § 1692k(a)(3) and Cal. Civil

3   Code §§ 1788.30(c) and 1788.17;  and 7) awarding Plaintiff such other and further relief as may be

4   just and proper.

5          This motion is made pursuant to Fed. R. Civ. P. 56 and Civil L.R. 7-2 on the grounds that

6   there no material issues of fact in dispute concerning Defendant's liability, therefore, Movant is

7   entitled to summary judgment as a matter of law.

8          This motion is based on this Notice, the Motion for Summary Judgment Against Defendant,

9   ARS National Services, Inc., the Memorandum of Points and Authorities in Support of Motion for

10  Summary Judgment Against Defendant, ARS National Services, Inc., the Declaration of Raymond

11  Charles Meyer in Support of Motion for Summary Judgment Against Defendant, ARS National

12  Services, Inc., and such other evidence, argument, and authorities which may be presented at or prior

13  to the hearing before this Court on this Motion, and such other and further matters of which this

14  Court may take judicial notice.

15         Please govern yourself accordingly.

16

17                                          CONSUMER LAW CENTER, INC.

18

19  Dated: June 6, 2008                      By: /s/ Fred W. Schwinn
                                                 Fred W. Schwinn, Esq.
20                                               Attorney for Plaintiff
                                                 RAYMOND CHARLES MEYER
21

22

23

24

25

26

27

28

NOTICE OF MOTION FOR PARTIAL SUMMARY JUDGMENT                Case No.  C08-01842-RMW-PVT

1   Fred W. Schwinn (SBN 225575)
    CONSUMER LAW CENTER, INC.
2   12 South First Street, Suite 1014
    San Jose, California  95113-2418
3   Telephone Number: (408) 294-6100
    Facsimile Number: (408) 294-6190
4   Email Address: fred.schwinn@sjconsumerlaw.com

5   Attorney for Plaintiff
    RAYMOND CHARLES MEYER
6

7

8                   **IN THE UNITED STATES DISTRICT COURT**
                   **FOR THE NORTHERN DISTRICT OF CALIFORNIA**
9                          **SAN JOSE DIVISION**

10  RAYMOND CHARLES MEYER,              Case No.  C08-01842-RMW-PVT

11                      Plaintiff,      **MEMORANDUM OF POINTS AND**
                                        **AUTHORITIES IN SUPPORT OF**
12  v.                                  **MOTION FOR SUMMARY**
                                        **JUDGMENT AGAINST**
13  ARS NATIONAL SERVICES, INC., D/B/A  **DEFENDANT, ARS NATIONAL**
    ASSOCIATED RECOVERY SYSTEMS, a      **SERVICES, INC.**
14  California corporation, and JASON A.
    HOWERTON, individually and in his official   Date:       July 11, 2008
15  capacity,                           Time:       9:00 a.m.
                                        Judge:      Honorable Ronald M.
16                      Defendants.                 Whyte
                                        Courtroom:  Courtroom 6, 4th Floor
17                                      Place:      280 South First Street
                                                    San Jose, California
18

19          COMES NOW the Plaintiff, RAYMOND CHARLES MEYER, by and through his attorney

20  Fred W. Schwinn of the Consumer Law Center, Inc., and hereby submits his Memorandum of Points

21  and Authorities in Support of Motion for Summary Judgment filed herein.

22

23

24

25

26

27

28

MEMORANDUM OF POINTS AND AUTHORITIES            Case No.  C08-01842-RMW-PVT

1

# TABLE OF CONTENTS

2   TABLE OF CONTENTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . i

3   TABLE OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . iii

4   INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

5   PROCEDURAL HISTORY . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

6   FACTS OF THE CASE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

7   STANDARD OF REVIEW . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

8   SUMMARY OF ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

9   STATEMENT OF QUESTIONS PRESENTED . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

10  ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

11      A.    THE "LEAST SOPHISTICATED CONSUMER" STANDARD IS USED
              TO ANALYZE VIOLATIONS OF THE FDCPA  . . . . . . . . . . . . . . . . . . . . . . . 6
12

13      B.    UNDER THE STRICT LIABILITY STANDARD OF THE FDCPA,
              PLAINTIFF HAS PLED NUMEROUS VIOLATIONS OF THE ACT, AS
              SEEN FROM THE PERSPECTIVE OF THE "LEAST SOPHISTICATED
14            CONSUMER" . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

15            1.    DEFENDANT, ARS, FAILED TO DISCLOSE DEFENDANT'S
                    IDENTITY AND THE NATURE OF DEFENDANT'S BUSINESS,
16                  IN VIOLATION OF 15 U.S.C. § 1692d(6). . . . . . . . . . . . . . . . . . . . . 9

17            2.    DEFENDANT, ARS, FAILED TO DISCLOSE THAT THE
                    COMMUNICATIONS WERE FROM A DEBT COLLECTOR, IN
18                  VIOLATION OF 15 U.S.C. § 1692e(11). . . . . . . . . . . . . . . . . . . . . 10

19
        C.    DEFENDANT, ARS, HAS VIOLATED NUMEROUS PROVISIONS OF
20            THE RFDCPA. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

21            1.    DEFENDANT, ARS, HAS VIOLATED CAL. CIVIL CODE §
                    1788.17. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11
22

23            2.    DEFENDANT, ARS HAS VIOLATED CAL. CIVIL CODE §
                    1788.11(b) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

24      D.    THIS COURT SHOULD AWARD PLAINTIFF THE MAXIMUM
              STATUTORY DAMAGE AMOUNT OF $1,000 UNDER THE FDCPA . . . . . 12
25

26      E.    PLAINTIFF SHOULD BE AWARDED $1,000 UNDER CAL. CIVIL
              CODE § 1788.30(b). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

27      F.    PLAINTIFF SHOULD BE AWARDED $1,000 UNDER CAL. CIVIL
              CODE § 1788.17. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13
28

G.    BOTH CONGRESS AND THE CALIFORNIA LEGISLATURE HAVE EXPRESSED THEIR INTENT THAT THE REMEDIES FOR VIOLATIONS OF THE FDCPA AND RFDCPA BE CUMULATIVE.  . . . . . . 13

H.    PLAINTIFF HAS A STATUTORY RIGHT TO ATTORNEY'S FEES AND COSTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

CONCLUSION  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

1

**TABLE OF AUTHORITIES**

2

<u>**CASES**</u>

3

*Abels v. JBC Legal Group, P.C.*, 227 F.R.D. 541 (N.D. Cal. 2005) . . . . . . . . . . . . . . . . . . . . . . . 13

4

*Alkan v. Citimortgage, Inc.*, 336 F. Supp. 2d 1061 (N.D. Cal. 2004). . . . . . . . . . . . . . . . . . 13, 16

5

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S.Ct. 2505, 91 L. Ed. 2d 202 (1986). . . . 4, 5

6

*Avila v. Rubin*, 84 F.3d 222 (7th Cir. 1996) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

7

*Baker v. G.C. Services*, 677 F.2d 775 (9th Cir. 1982). . . . . . . . . . . . . . . . . . . . . . . . . . . . 6, 7, 8, 9

8

*Bentley v. Great Lakes Collection Bureau*, 6 F.3d 60 (2nd Cir. 1993) . . . . . . . . . . . . . . . . . 7, 8, 9

9

*Brinson v. Linda Rose Joint Venture*, 53 F.3d 1044 (9th Cir. 1995). . . . . . . . . . . . . . . . . . . . . . . . 4

10

*Cacace v. Lucas*, 775 F. Supp. 502 (D. Conn. 1990) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7, 8

11

*Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986). . . . . . . . . . . 5

12

*Chapman v. ACB Business Services*, Inc.,
1997 U.S. Dist. LEXIS 23743 (S.D. W.V. February 13, 1997). . . . . . . . . . . . . . . . . . . . . . . . . . 13

13

14

*Clomon v. Jackson*, 988 F.2d 1314 (2nd Cir. 1993). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*De Coito v. Unifund Corp.*, 2004 U.S. Dist. LEXIS 23729 (D. Haw. January 4, 2004) . . . . . . . . 8

15

*Dutton v. Wolpoff & Abramson*, 5 F.3d 649 (3rd Cir. 1993) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

16

*Edstrom v. A.S.A.P. Collection Services*,
2005 U.S. Dist. LEXIS 2773, (N.D. Cal. February 22, 2005). . . . . . . . . . . . . . . . . . . . . . . . . . . 14

17

18

*EEOC v. Farmer Bros. Co.,* 31 F.3d 891 (9th Cir. 1994). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

19

*Emanuel v. American Credit Exchange*, 870 F.2d 805 (2nd Cir. 1989) . . . . . . . . . . . . . . . . . . . . 10

20

*Graziano v. Harrison*, 950 F.2d 107 (3rd Cir. 1991) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

21

*Hartman v. Meridian Financial Services, Inc.*, 191 F. Supp. 2d 1031 (W.D. Wis. 2002) . . . . . . 8

22

*Hosseinzadeh v. M.R.S. Associates, Inc.*, 387 F. Supp. 2d 1104 (C.D. Cal. 2005) . . . . . . 9, 10, 11

23

*Jeter v. Credit Bureau*, 760 F.2d 1168 (11th Cir. 1985) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

24

*Joseph v. J.J. Mac Intyre Companies, LLC*, 281 F. Supp. 2d 1156 (N.D. Cal. 2002). . . . . . . 9, 11

25

*Mann v. Acclaim*, 348 F. Supp. 2d 923 (S.D. Ohio 2004) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

26

*Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*,
475 U.S. 574, 106 S. Ct. 1348, 89 L. Ed. 2d 538 (1986). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

27

28

*McCartney v. First City Bank*, 970 F.2d 45 (5th Cir. 1992) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

1  *Perez v. Perkiss*, 742 F. Supp. 883 (D. Del. 1990) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

2  *Picht v. Jon R. Hawks, Ltd.*, 236 F.3d 446 (8th Cir. 2001) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

3  *Pipiles v. Credit Bureau*, Inc., 886 F.2d 22 (2d Cir. 1989) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

4  *Pittman v. J.J. Mac Inttyre Co. of Nevada, Inc.*, 969 F. Supp. 609 (D. Nev. 1997) . . . . . . . . . . 9

5  *Rieber v. Kovelman (In re Kovelman),* 1995 U.S. App. LEXIS 8487
   (9th Cir. April 6, 1995). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5
6
   *Riveria v. MAB Collections*, 682 F. Supp. 174 (W.D.N.Y. 1988). . . . . . . . . . . . . . . . . . . . . . 7, 12
7
   *Romine v. Diversified Collection Servs.*, 155 F.3d 1142 (9th Cir. 1998) . . . . . . . . . . . . . . . . . . . 8
8
   *Russell v. Equifax A.R.S.*, 74 F.3d 30 (2nd Cir. 1996) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7, 9
9
   *Sakuma v. First National Credit Bureau,*
10 1989 U.S. Dist. LEXIS 19120 (D. Haw. November 15, 1989) . . . . . . . . . . . . . . . . . . . . . . . . . . 13

11 *Schneider v. TRW, Inc.,* 938 F.3d 986 (9th Cir. 1990). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

12 *Stockton Wire Products, Inc. v. K-Lath Corp.,* 440 F.2d 782 (9th Cir. 1971). . . . . . . . . . . . . . . 3

13 *Stojanovski v. Strobl & Manoogian, P.C.*, 783 F. Supp. 319 (E.D. Mich. 1992) . . . . . . . . . . . . 7

14 *Swanson v. Southern Oregon Credit Serv.*, 869 F.2d 1222 (9th Cir. 1988) . . . . . . . . . . . . . . . 6, 7

15 *Taylor v. Perrin Landry, deLaunay & Durand*, 103 F.3d 1232 (5th Cir. 1997) . . . . . . . . . . . . 7, 9

16 *Terran v. Kaplan*, 109 F.3d 1428 (9th Cir. 1977) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

17 *Tolentino v. Friedman*, 46 F.3d 645 (7th Cir. 1995). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

18 *Traverso v. Sharinn*, 1989 U.S. Dist. LEXIS 19100 (D. Conn. Sept. 15, 1989) . . . . . . . . . . . . . 8

19 *Turner v. Cook*, 362 F.3d 1219 (9th Cir. 2004) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

20 *T.W. Electrical Service, Inc. v. Pacific Electrical Contractors Ass'n,*
   809 F.2d 626 (9th Cir. 1987). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4
21
   *United States. v. National Financial Services*, 98 F.3d 131 (4th Cir. 1996) . . . . . . . . . . . . . . . . 7
22
   *United States v. Trans Continental Affiliates,*
23 1997 U.S. Dist. LEXIS 388 (N.D. Cal. January 8, 1997) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

24 *Wade v. Regional Credit Ass'n*, 87 F.3d 1098 (9th Cir. 1996). . . . . . . . . . . . . . . . . . . . . . . . . . 6, 7

25 *Zagorski v. Midwest Billing Services, Inc.*, 178 F.3d 116 (7th Cir. 1997) . . . . . . . . . . . . . . . . . 14

26                              **STATUTES**

27 15 U.S.C. § 1692(e) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6, 7

28

1   15 U.S.C. § 1692d . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

2   15 U.S.C. § 1692d(6) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

3   15 U.S.C. § 1692e . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

4   15 U.S.C. § 1692e(11) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

5   15 U.S.C. § 1692f . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

6   15 U.S.C. § 1692g . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

7   15 U.S.C. § 1692k(a)(2)(A) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

8   15 U.S.C. § 1692n . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

9   Cal. Civil Code § 1788.2(c). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

10   Cal. Civil Code § 1788.11(b) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

11   Cal. Civil Code § 1788.17 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

12   Cal. Civil Code § 1788.30 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

13   Cal. Civil Code § 1788.30(b). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

14   Cal. Civil Code § 1788.30(c). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

15   Cal. Civil Code § 1788.32 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

16   **RULES**

17   Fed. R. Civ. P. 56(c) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

18   Fed. R. Civ. P. 56(e) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

19

20

21

22

23

24

25

26

27

28

## I.  INTRODUCTION

This case was brought by RAYMOND CHARLES MEYER (hereinafter "Plaintiff") against a debt collection agency, ARS NATIONAL SERVICES, INC., D/B/A ASSOCIATED RECOVERY SYSTEMS, (hereinafter "ARS"), and its president, JASON A. HOWERTON (hereinafter "HOWERTON"), (hereinafter collectively referred to as "Defendants").  Plaintiff alleges various violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692, *et seq.* (hereinafter "FDCPA"), and the Rosenthal Fair Debt Collection Practices Act, Cal. Civil Code § 1788, *et seq.* (hereinafter "RFDCPA"), which prohibit debt collectors from engaging in abusive, deceptive and unfair practices.  Plaintiff seeks statutory damages, attorney's fees and costs under the FDCPA and RFDCPA.

This case arises out of answering machine messages that were placed on Plaintiff's answering machine by Defendants' employees.  The debt being collected was used for personal, family or household purposes.  Plaintiff alleges that Defendants caused Plaintiff's telephone to ring repeatedly and continuously with the intent to annoy, abuse or harass Plaintiff.  Plaintiff alleges that Defendants failed to disclose their identity and the nature of their business.  Plaintiff also alleges that Defendants failed to disclosure that the communications were from a debt collector.

Plaintiff hereby moves for summary judgment on his claims for violation of 15 U.S.C. §§ 1692d(6) and 1692e(11) and Cal. Civil Code §§ 1788.11(b) and 1788.17.

## II.  PROCEDURAL HISTORY

On April 7, 2008, Plaintiff filed a Complaint in this action against Defendants.[1]  Thereafter, Defendants each filed separate Answers on April 28, 2008.[2]  On June 6, 2008, Plaintiff's Motion for Summary Judgment Against Defendant, ARS National Services, Inc., was filed herein.  This Memorandum of Points and Authorities is submitted in support thereof.

## III.  FACTS OF THE CASE

Plaintiff,  RAYMOND CHARLES MEYER, is a "consumer" within the meaning of 15

---

[1]  Doc. 1.

[2]  Doc. 6 and Doc. 7.

1  U.S.C. § 1692a(3),[3] and a "debtor" within the meaning of Cal. Civil Code § 1788.2(h).[4]  Defendant,

2  ARS, is a California corporation engaged in the business of collecting consumer debts.[5]

3       On a date or dates unknown to Plaintiff, Plaintiff incurred a financial obligation for personal,

4  family or household purposes, namely a credit card account from Capital One Bank and bearing the

5  account number XXXX-XXXX-XXXX-6040, which is therefore a "debt" as that term is defined by

6  15 U.S.C. § 1692a(5),[6] and Cal. Civil Code § 1788.2(f).[7]  Sometime thereafter, the debt was sold,

7  assigned or otherwise transferred to Defendants for collection from Plaintiff.[8]

8       Thereafter, Defendants' employees made several telephone calls to Plaintiff in an attempt

9  to collect the debt.[9]  On or about May 9, 2007, an employee of Defendants recorded the following

10  message on Plaintiff's answering machine:

11       Hello, this message is for Raymond, Raymond Meyer.  My name is Dillon.  Please
   give me a call back at your earliest convenience at 1-800-440-6613, at extension

12       3687.  It is important to give me a call back pertaining to file number 12044220.
   Please give me a call back at your earliest convenience at 800-440-6613, extension

13       3687.  Thank you.[10]

14       On or about June 5, 2007, an employee of Defendants recorded the following message on

15  Plaintiff's answering machine:

16       Hello Ray.  This is Yolanda.  I do need you to give me a call back today.  You can
   reach me at 888-319-0986 extension 1171.  Raymond, I do need you to return my

17

18

19     [3]  Complaint (Doc. 1) ¶¶ 6 and 29; Declaration of Raymond Charles Meyer in Support of
   Motion for Summary Judgment (hereinafter "Meyer Declaration") ¶¶ 3 and 4.

20

21     [4]  Complaint (Doc. 1) ¶¶ 6 and 38; Meyer Declaration ¶¶ 3 and 4.

22     [5]  Complaint (Doc. 1) ¶¶ 7, 30 and 39; Defendant ARS National Services, Inc.'s Answer to
   Complaint and Demand for Jury Trial (hereinafter "ARS Answer") (Doc. 6) ¶¶ 7, 30 and 39.

23

24     [6]  Complaint (Doc. 1) ¶¶ 10 and 32; Meyer Declaration ¶ 4.

25     [7]  Complaint (Doc. 1) ¶¶ 10 and 41; Meyer Declaration ¶ 4.

26     [8]  Complaint (Doc. 1) ¶ 11; Meyer Declaration ¶ 5.

27     [9]  Meyer Declaration ¶¶ 6 - 10.

28     [10]  Meyer Declaration ¶ 6.

1    call today.  Thank you.[11]

2    On or about June 8, 2007, an employee of Defendants recorded the following message on

3    Plaintiff's answering machine:

4    Hello, this message is for Raymond, Raymond Meyer.  My name is Dillon.  Uh,
     please give me a call back at your earliest convenience at 1-800-440-6613, at
5    extension 3687.  It is in reference to your file number 1204422 . . . 220.  My name
     is Dillon. Once again, this is an important business matter for you in reference to file
6    number 12044220.  Please give me a call at 1-800-440-6613, at extension 3687.
     Thank you.[12]
7

8    On or about June 12, 2007, an employee of Defendants recorded the following message on

9    Plaintiff's answering machine:

10   Hello Ray.  This is Yolanda.  I would appreciate a call back from you as soon as
     possible.  You can reach me at 888-319-0986 extension 1171.  Again, Raymond, I
11   would appreciate a call back from you today.[13]

12   On or about June 15, 2007, an employee of Defendants recorded the following message on

13   Plaintiff's answering machine:

14   Hello, this message is for Raymond, Raymond Meyer.  My name is Dillon.  It is
     important that you give me a call back at your earliest convenience at 800-440-6613,
15   at extension 3687.  I have left several messages for you, sir.  This is an, uh, ve . . . uh,
     in reference to your file number 12044220.  Please give me a call as soon as possible.
16   Thank you.[14]

17                            **IV.  STANDARD OF REVIEW**

18   The standard of review for a motion for summary judgment is that the moving party is

19   entitled to summary judgment when the evidence shows that there is no genuine issue of material

20   fact, and that the moving party is entitled to judgment as a matter of law.[15]  The Court must

21   determine "whether there is the need for a trial–whether, in other words, there are any genuine

22   _____

23   [11]  <u>Meyer Declaration</u> ¶ 7.

24   [12]  <u>Meyer Declaration</u> ¶ 8.

25   [13]  <u>Meyer Declaration</u> ¶ 9.

26   [14]  <u>Meyer Declaration</u> ¶ 10.

27   [15]  Fed. R. Civ. P. 56(c); *Stockton Wire Products, Inc. v. K-Lath Corp.,* 440 F.2d 782 (9th Cir.

28   1971).

1    factual issues that properly can be resolved only by a finder of fact because they may reasonably be

2    resolved in favor of either party."[16]  "Only disputes over facts that might affect the outcome of the

3    suit under governing law will . . . preclude summary judgment."[17]  When the record taken as a whole

4    would not persuade a rational trier of fact to find for the nonmoving party, there is no genuine issue

5    for trial.[18]  In some cases, the evidence of the opposing party is so weak as to "fail[] to raise a

6    material issue of fact.[19]

7        The movant must carry this burden of "identifying those parts of the record that indicate the

8    absence of a genuine issue of material fact."[20]  Once this burden is met, the non-movant is required

9    to "come forward with specific facts showing that there is a genuine issue for trial" as to elements

10   essential to the non-movant's claim.[21]  The non-movant must show more than "some metaphysical

11   doubt as to the material facts;"[22] he or she must "set forth specific facts showing that there is a

12   genuine issue for trial." [23]

13       The Court must resolve all disputed facts and weigh all evidence "in the light most favorable

14   to the nonmoving party."[24]  However, the nonmoving party may not rely upon mere allegations or

15   denials contained in its pleadings or briefs, but must come forward with specific facts showing the

16

17       [16] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250, 106 S.Ct. 2505, 2510, 91 L. Ed. 2d
18   202, 212 (1986).

19       [17] *Id*. at 248.

20       [18] *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S. Ct. 1348,
21   1356, 89 L. Ed. 2d 538 (1986).

22       [19] *EEOC v. Farmer Bros. Co.,* 31 F.3d 891, 906 (9th Cir. 1994).

23       [20] *Brinson v. Linda Rose Joint Venture*, 53 F.3d 1044, 1048 (9th Cir. 1995).

24       [21] *Schneider v. TRW, Inc.,* 938 F.3d 986, 991 (9th Cir. 1990).

25       [22] *Matsushita Elec. Indus. Co.,* 475 U.S. at 586

26       [23] Fed. R. Civ. P. 56(e).

27       [24] *T.W. Electrical Service, Inc. v. Pacific Electrical Contractors Ass'n,* 809 F.2d 626, 630-31
28   (9th Cir. 1987).

1  presence of a genuine issue for trial.[25]  As noted above, the requirement that a "genuine" issue of fact

2  must be present has been interpreted to mean that the evidence is such that a reasonable trier of fact

3  could return a verdict for the nonmoving party.[26]  Summary judgment is more than a "disfavored

4  procedural shortcut," it is an important procedure "designed to 'secure the just, speedy and

5  inexpensive determination of every action.' Fed. R. Civ. P. 1."[27]  One of the principal purposes of

6  the summary judgment rule is to isolate and dispose of factually unsupported claims or defenses, and

7  the rule should be interpreted in a way that allows it to accomplish this purpose.[28]

8                                   **V. SUMMARY OF ARGUMENT**

9  A.    The "Least Sophisticated Consumer" Standard Is Used to Analyze Violations of the FDCPA.

10 B.    Under the Strict Liability Standard of the FDCPA, Plaintiff Has Pled Numerous Violations

11        of the Act, as Seen from the Perspective of the "Least Sophisticated Consumer."

12 C.    Defendant, ARS, Failed to Disclose Defendant's Identity and the Nature of Defendant's

13        Business, in Violation of 15 U.S.C. § 1692d(6).

14 D.    Defendant, ARS, Failed to Disclose That the Communications Were from a Debt Collector,

15        in Violation of 15 U.S.C. § 1692e(11).

16 E.    Defendant, ARS, Has Violated Numerous Provisions of the RFDCPA.

17 F.    Defendant, ARS, Has Violated Cal. Civil Code § 1788.17.

18 G.    Defendant, ARS, Has Violated Cal. Civil Code § 1788.11(b).

19 H.    This Court Should Award Plaintiff the Maximum Statutory Damage Amount of $1,000

20        Under the FDCPA.

21 I.    Plaintiff Should Be Awarded $1,000 Under Cal. Civil Code § 1788.30(b).

22 J.    Plaintiff Should Be Awarded $1,000 Under Cal. Civil Code § 1788.17.

23 ─────────────────

24 [25] *Rieber v. Kovelman (In re Kovelman),* 1995 U.S. App. LEXIS 8487 at *2 (9th Cir. April
    6, 1995).

25

26 [26] *Anderson*, 477 U.S. at 248

27 [27] *Celotex Corp. v. Catrett*, 477 U.S. 317, 327, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986).

28 [28] *Id.*, at 323-324.

K.     Both Congress and the California Legislature Have Expressed Their Intent That the Remedies for Violations of the FDCPA and RFDCPA Be Cumulative.

L.     Plaintiff Has a Statutory Right to Attorney's Fees and Costs.

## VI.  STATEMENT OF QUESTIONS PRESENTED

Has Defendant violated the Fair Debt Collection Practices Act and the Rosenthal Fair Debt Collection Practices Act?  If so, what is the amount of statutory damages that should be awarded to Plaintiff?

## VII.  ARGUMENT

### A.     THE "LEAST SOPHISTICATED CONSUMER" STANDARD IS USED TO ANALYZE VIOLATIONS OF THE FDCPA

The FDCPA states that its purpose, in part, is "to eliminate abusive debt collection practices by debt collectors."[29]  The statute is designed to protect consumers from unscrupulous collectors, whether or not there is a valid debt.[30]  The FDCPA broadly prohibits unfair or unconscionable collection methods; conduct which harasses, oppresses or abuses any debtor; and any false, deceptive or misleading statements, in connection with the collection of a debt.[31]  The FDCPA also requires the debt collector to provide the consumer with a notice of his or her validation rights.[32]

The United States Court of Appeals for the Ninth Circuit has held that whether a communication or other conduct violates the FDCPA is to be determined by analyzing it from the perspective of the "least sophisticated consumer."[33]  The "least sophisticated consumer" standard is objective—not subjective.[34]  Courts determine whether the "least sophisticated consumer" would

---

[29]  15 U.S.C. § 1692(e).

[30]  *Baker v. G.C. Services*, 677 F.2d 775, 777 (9th Cir. 1982).

[31]  15 U.S.C. §§ 1692d, 1692e, and 1692f.

[32]  15 U.S.C. § 1692g.

[33]  *Swanson v. Southern Oregon Credit Serv.*, 869 F.2d 1222, 1225 (9th Cir. 1988);  *Wade v. Regional Credit Ass'n*, 87 F.3d 1098, 1100 (9th Cir. 1996).

[34]  *Swanson*, 869 F.2d at 1227.

1    be misled or deceived by the statements made in a collection letter as a matter of law.[35]

2         "The basic purpose of the least sophisticated consumer standard is to ensure that the FDCPA

3    protects all consumers, the gullible as well as the shrewd."[36] "While protecting naive consumers,

4    the standard also prevents liability for bizarre or idiosyncratic interpretations of collection notices

5    by preserving a quotient of reasonableness and presuming a basic level of understanding and

6    willingness to read with care."[37]

7         "As the FDCPA is a strict liability statute, proof of one violation is sufficient to support

8    summary judgment for the plaintiff."[38] "Because the Act imposes strict liability, a consumer need

9    not show intentional conduct by the debt collector to be entitled to damages."[39] Furthermore, the

10   question of whether the consumer owes the alleged debt has no bearing on a suit brought pursuant

11   to the FDCPA.[40]

12        It is important to note that by protecting consumers from abusive, deceptive and unfair

13   collection practices, the FDCPA insures that those debt collectors who refrain from using abusive

14   debt collection practices are not competitively disadvantaged.[41]  Moreover, the FDCPA further

15

16

17    [35] *Wade*, 87 F.3d at 1100; *Terran v. Kaplan*, 109 F.3d 1428, 1432 (9th Cir. 1977); *Swanson*, 896 F.2d at 1225-26.

18    [36] *Clomon v. Jackson*, 988 F.2d 1314, 1318 (2nd Cir. 1993).

19
20    [37] *United States v. National Financial Services*, 98 F.3d 131, 136 (4th Cir. 1996) (citations omitted); *see also Russell v. Equifax A.R.S.*, 74 F.3d 30 (2nd Cir. 1996); *Bentley v. Great Lakes
21   Collection Bureau*, 6 F.3d 60 (2nd Cir. 1993); *Jeter v. Credit Bureau*, 760 F.2d 1168 (11th Cir. 1985);
22   *Graziano v. Harrison*, 950 F.2d 107, 111 (3rd Cir. 1991); *Avila v. Rubin*, 84 F.3d 222, 226-27 (7th Cir. 1996) ("the standard is low, close to the bottom of the sophistication meter").

23    [38] *Cacace v. Lucas*, 775 F. Supp. 502, 505 (D. Conn. 1990); *see also Stojanovski v. Strobl
24   & Manoogian, P.C.*, 783 F. Supp. 319, 323 (E.D. Mich. 1992); *Riveria v. MAB Collections*, 682 F. Supp. 174, 178-9 (W.D.N.Y. 1988).

25    [39] *Russell*, 74 F.3d at 33; *see also Taylor v. Perrin Landry, deLaunay & Durand*, 103 F.3d
26   1232, 1236 (5th Cir. 1997); *Bentley*, 6 F.3d at 62; *Clomon*, 988 F.2d at 1318.

27    [40] *McCartney v. First City Bank*, 970 F.2d 45 (5th Cir. 1992); *Baker*, 677 F.2d at 777.

28    [41] 15 U.S.C. § 1692(e).

insures that regardless of whether a consumer owes a debt, he or she will be treated in a reasonable and civil manner.[42]

Accordingly, Plaintiff asserts that whether or not Defendant violated the FDCPA must be evaluated from the standpoint of the "least sophisticated consumer."

**B.    UNDER THE STRICT LIABILITY STANDARD OF THE FDCPA, PLAINTIFF HAS PLED NUMEROUS VIOLATIONS OF THE ACT, AS SEEN FROM THE PERSPECTIVE OF THE "LEAST SOPHISTICATED CONSUMER"**

To establish a violation of the FDCPA, one need only show that: (1) Plaintiff is a consumer, (2) Plaintiff has been the object of collection activity arising from a consumer debt, (3) Defendant collecting the "debt" is a "debt collector" as defined in the Act, and (4) Defendant has engaged in any act or omission in violation of the prohibitions or requirements of the Act.[43]  Plaintiff has pled and ARS has admitted that ARS is a debt collector.[44]  Further, Plaintiff is able to show that he is a consumer and the debt which Defendants were attempting to collect is a consumer debt.[45]  The remainder of this memorandum will show that the last element is also satisfied as a matter of law.

Because the FDCPA is a strict liability statute, proof of one violation is sufficient to defeat a motion to dismiss and support summary judgment for a Plaintiff.[46]  In light of this strict liability standard, a consumer need not show intentional conduct by the debt collector in order to be entitled

---

[42]  *Baker*, 677 F.2d at 777.

[43]   *Turner v. Cook*, 362 F.3d 1219, 1227-1228 (9th Cir. 2004);  *Romine v. Diversified Collection Servs.*, 155 F.3d 1142, 1145 (9th Cir. 1998);  *De Coito v. Unifund Corp.*, 2004 U.S. Dist. LEXIS 23729 at *8 (D. Haw. January 4, 2004);  *United States v. Trans Continental Affiliates*, 1997 U.S. Dist. LEXIS 388 at *8 (N.D. Cal. January 8, 1997).

[44]  Complaint (Doc. 1) ¶ 7; ARS Answer (Doc. 6) ¶ 7.

[45]  Meyer Declaration ¶¶ 3 and 4.

[46]  *See Hartman v. Meridian Financial Services, Inc.*, 191 F. Supp. 2d 1031, 1046-47 (W.D. Wis. 2002) ("One false or misleading statement in a collection letter renders the entire communication false or misleading and constitutes one violation");  *See also Cacace*, 775 F. Supp. at 505;  *Traverso v. Sharinn*, 1989 U.S. Dist. LEXIS 19100, *4 (D. Conn. Sept. 15, 1989);  *Picht v. Jon R. Hawks, Ltd.*, 236 F.3d 446, 451 (8th Cir. 2001);  *Bentley*, 6 F.3d at 62.

to damages,[47] and there are no unimportant violations.[48]  Further, no proof of deception or actual

damages is required to obtain statutory remedies.[49]

### 1.    DEFENDANT, ARS, FAILED TO DISCLOSE DEFENDANT'S IDENTITY AND THE NATURE OF DEFENDANT'S BUSINESS, IN VIOLATION OF 15 U.S.C. § 1692d(6).

15 U.S.C. § 1692d(6) provides:

A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

. . .

(6)  Except as provided in section 15 U.S.C. § 1692b, the placement of telephone calls without meaningful disclosure of the caller's identity.

This Court and the Federal District Court for the Central District of California have held that

it is a violation of 15 U.S.C. § 1692d(6) when a debt collector "fail(s) to disclose  [the debt

collector's] identity and the nature of [the debt collector's] business in the messages left on [a

consumer's] answering machine."[50]  Further, both Courts have found that 15 U.S.C. § 1692d(6)'s

meaningful disclosure requirement applies "equally to automated message calls and live calls."[51]

As described above, ARS failed to meaningfully disclose its name and the identity and nature

of its business in all five messages recorded on Plaintiff's answering machine.  Therefore, each of

these messages states a violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692d(6).

---

[47] *See Pittman v. J.J. Mac Inttyre Co. of Nevada, Inc.*, 969 F. Supp. 609, 613 (D. Nev. 1997). *See also Russell*, 74 F.3d at 36 ("Because the Act imposes strict liability, a consumer need not show intentional conduct by the debt collector to be entitled to damages.").

[48] *Bentley*, 6 F.3d at 63 (no non-actionable violations of FDCPA); *Taylor*, 103 F.3d at 1234 (failure "to comply with any provision of the FDCPA" leads to liability).

[49] *Baker*, 677 F.2d at 780.

[50] *Hosseinzadeh v. M.R.S. Associates, Inc.*, 387 F. Supp. 2d 1104, 1112 (C.D. Cal. 2005), *citing, Joseph v. J.J. Mac Intyre Companies, LLC*,  281 F. Supp. 2d 1156 (N.D. Cal. 2002).

[51] *Hosseinzadeh v. M.R.S. Associates, Inc.*, 387 F. Supp. at 1111,  *citing, Joseph v. J.J. Mac Intyre Companies, LLC*,  281 F. Supp. 2d at 1163.

1    As such, Plaintiff is entitled to summary judgment on this issue.

2    **2.    DEFENDANT, ARS, FAILED TO DISCLOSE THAT THE COMMUNICATIONS WERE FROM A DEBT COLLECTOR, IN VIOLATION OF 15 U.S.C. § 1692e(11).**

3

4    15 U.S.C. § 1692e(11) states:

5    A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

6

7    . . .

8    (11)  The failure to disclose in the initial written communication with the consumer and, in addition, if the initial communication with the consumer is oral, in that initial oral communication, that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, and the failure to disclose in subsequent communications that the communication is from a debt collector, except that this paragraph shall not apply to a formal pleading made in connection with a legal action.

9

10

11

12    The failure to disclose clearly in all communications made to collect a debt or to obtain information

13    about a consumer, that the "debt collector is attempting to collect a debt and that any information

14    obtained will be used for that purpose," constitutes a violation of the Fair Debt Collection Practices

15    Act.[52]

16    ARS has violated 15 U.S.C. § 1692e(11), by not providing the required disclosure in the five

17    messages recorded on Plaintiff's answering machine, which are considered  "communications"

18    within the meaning of the Fair Debt Collection Practices Act.[53]   Therefore, Plaintiff should be

19    granted summary judgment on this issue.

20    **C.    DEFENDANT, ARS, HAS VIOLATED NUMEROUS PROVISIONS OF THE RFDCPA.**

21

22    In addition to the violations of the federal Fair Debt Collection Practices Act, Plaintiff also

23    alleges several violations of the California Rosenthal Fair Debt Collection Practices Act against

24

25

26    [52]  *Emanuel v. American Credit Exchange*, 870 F.2d 805, 808 (2nd Cir. 1989), *Dutton v. Wolpoff & Abramson*, 5 F.3d 649 (3rd Cir. 1993).

27

28    [53]  *Hosseinzadeh v. M.R.S. Associates, Inc*., 387 F. Supp. 2d at 1116.

1  Defendant, ARS, a debt collector within the meaning of Cal. Civil Code § 1788.2(c).[54]

2  **1.      DEFENDANT, ARS, HAS VIOLATED CAL. CIVIL CODE § 1788.17.**

3  Cal. Civil Code § 1788.17 provides as follows:

4  Notwithstanding any other provision of this title, every debt collector collecting or
   attempting to collect a consumer debt shall comply with the provisions of Sections
5  1692b to 1692j, inclusive, of, and shall be subject to the remedies in Section 1692k
   of, Title 15 of the United States Code.

6

7  As explained above, ARS, has violated 15 U.S.C. §§ 1692d(6) and 1692e(11).  Each of these

8  violations of the FDCPA states a separate violation under Cal. Civil Code § 1788.17, which requires

9  compliance with the FDCPA.  Therefore, Plaintiff should be granted summary judgment on this

10  issue.

11  **2.      DEFENDANT, ARS, HAS VIOLATED CAL. CIVIL CODE § 1788.11(b)**

12  Cal. Civil Code § 1788.11(b) states:

13  No debt collector shall collect or attempt to collect a consumer debt by means of the
    following practices:

14                                    . . .

15  (b) Placing telephone calls without disclosure of the caller's identity, provided that
    an employee of a licensed collection agency may identify himself by using his
16  registered alias name as long as he correctly identifies the agency he represents;

17  Cal. Civil Code § 1788.11(b) requires a debt collector to disclose that a call is from a debt collector

18  or on behalf of a creditor.[55]  The requirements of Cal. Civil Code § 1788.11(b) apply to answering

19  machine messages left by debt collectors.[56]  Therefore, ARS was required to disclose that the calls

20  recorded on Plaintiff's answering machine were from a debt collector.  By failing to do so in each

21  of the five messages ARS left on Plaintiff's answering machine, ARS violated the Rosenthal Fair

22  Debt Collection Practices Act five times.  Therefore, summary judgment should be granted for

23  Plaintiff on this issue.

24  _____

25  [54] <u>Complaint</u> (Doc. 1) ¶¶ 7 and 39;  <u>ARS Answer</u> (Doc. 6) ¶¶ 7 and 39.

26  [55] *Joseph v. J.J. Mac Intyre Companies, LLC*, 281 F. Supp. 2d at 1163.

27  [56] *Hosseinzadeh v. M.R.S. Associates, Inc.*, 387 F. Supp. 2d at 1111-1112, *citing, Joseph v.
28  J.J. Mac Intyre Companies, LLC*,  281 F. Supp. 2d at 1163.

1   **D.    THIS COURT SHOULD AWARD PLAINTIFF THE MAXIMUM STATUTORY
2         DAMAGE AMOUNT OF $1,000 UNDER THE FDCPA**

3        The maximum statutory damage award available under the Federal FDCPA is a modest

4   $1,000.  Courts have therefore awarded the maximum amount even when the violations found were

5   less numerous and egregious than those herein.  For example, in *Riviera v. M.A.B.*,[57] the court

6   awarded the maximum $1,000 because the validation notice appeared on the back of the letter, in

7   relatively small print, with no reference to it on the front of the letter.  Thus, even though the notice

8   was accurate, the court determined a $1,000 award was appropriate.  Here, the required disclosures

9   were not given at all.  Furthermore, in *Tolentino v. Friedman*,[58] the Seventh Circuit upheld the

10  maximum statutory award of $1,000 despite finding that only one provision of the FDCPA had been

11  proven.  In that case the debt collector had included a disclosure required 15 U.S.C. § 1692e(11) in

12  its initial notice, but had failed to include it in a subsequent notice.  The present case involves at

13  least 5 violations of the federal FDCPA.  Thus, the violations herein are more numerous and

14  meaningful than in those cases, and therefore the Court should award the maximum amount of

15  statutory damages under 15 U.S.C. § 1692k(a)(2)(A), which is $1,000.

16  **E.    PLAINTIFF SHOULD BE AWARDED $1,000 UNDER CAL. CIVIL CODE §
17         1788.30(b).**

18       The Cal. Civil Code § 1788.30 states that any debt collector who fails to comply with any

19  provision is liable to such debtor in an amount equal to his/her actual damages, and in the case of

20  a debt collector who willfully and knowingly violates the RFDCPA, the Court may award a penalty

21  in an amount not less than $100 nor greater than $1,000.  Cal. Civil Code § 1788.30(b).

22       In this case, ARS has violated Cal. Civil Code § 1788.11(b) which is remedied by the

23  statutory penalty provisions of Cal. Civil Code § 1788.30.  Thus, the Court should award Plaintiff

24  the full $1,000 statutory award under Cal. Civil Code § 1788.30.

25  / / /

26  _____

27       [57]  682 F. Supp. 174 (W.D.N.Y. 1988).

28       [58]  46 F.3d 645 (7th Cir. 1995).

1  **F.    PLAINTIFF SHOULD BE AWARDED $1,000 UNDER CAL. CIVIL CODE § 1788.17.**

2      In this case ARS has violated Cal. Civil Code § 1788.17 which is remedied by the statutory

3  damages provisions of 15 U.S.C. § 1692k(a)(2)(A).  Thus, the Court should award Plaintiff the full

4  $1,000 statutory award under Cal. Civil Code § 1788.17.

5  **G.    BOTH CONGRESS AND THE CALIFORNIA LEGISLATURE HAVE EXPRESSED
         THEIR INTENT THAT THE REMEDIES FOR VIOLATIONS OF THE FDCPA AND
6        RFDCPA BE CUMULATIVE.**

7      Cal. Civil Code § 1788.32 states "The remedies provided herein are intended to be

8  cumulative and are in addition to any other procedures, rights, or remedies under any other provision

9  of law."  Thus, a violation of the federal statute can lead to damages under the federal FDCPA and

10  a violation of the California statute leads to damages under the RFDCPA.  Indeed, the FDCPA

11  expressly states:

12      [t]his subchapter does not annul, alter, or affect, or exempt any person subject to the
       provisions of this subchapter from complying with the law of any State with respect
13      to debt collection practices, except to the extent that those laws are in consistent with
       any provision of this subchapter, and then only to the extent of the inconsistency.
14      15 U.S.C. § 1692n.

15      Moreover, courts both within and outside the Ninth Circuit, have allowed statutory damages

16  under both federal and state consumer protection statutes.[59]  Thus, the Court should not be reluctant

17  to assess the maximum possible statutory damages under both federal and state law.  As this Court

18  has noted, Cal. Civil Code § 1788 was amended to expand the remedies of the RFDCPA, including

19  an expansion of the statutory damages available under the state law.[60]

20      Additionally, this Court has concluded that rather than drafting new language to the

21  RFDCPA, the legislature simply incorporated entire sections of the FDCPA by reference.[61]  Indeed,

22

23      [59] *Sakuma v. First National Credit Bureau*, 1989 U.S. Dist. LEXIS 19120 (D. HI. November
24  15, 1989);  *Mann v. Acclaim*, 348 F. Supp. 2d 923 (S.D. Ohio 2004);  *Chapman v. ACB Business
    Services*, Inc., 1997 U.S. Dist. LEXIS 23743 (S.D. W.V. February 13, 1997).

25
26      [60] *Abels v. JBC Legal Group, P.C.*, 227 F.R.D. 541, 548 (N.D. Cal. 2005) (The mandatory
    language in the amendment—" . . . shall be subject to the remedies in Section 1692k" leaves little
27  doubt as to the intent of the legislature to broaden the remedies for RFDCPA.)

28      [61] *Alkan v. Citimortgage, Inc.*, 336 F. Supp. 2d 1061, 1065 (N.D. Cal. 2004).

1   this Court stated "California simply incorporated by reference the text of certain federal provisions

2   into the CFDCPA, rather than copying them verbatim into the California code.  Any resulting

3   liability, however, remains a state claim."  *Id.*  In a separate case, this Court went on to hold that a

4   violation of 15 U.S.C. § 1692g was also a violation of Cal. Civil Code § 1788.17.[62]  Thus, by

5   incorporating 15 U.S.C. § 1692k by reference (and its statutory damages of $1,000), the California

6   legislature chose to make the additional $1,000 available, as a matter of state law, when it enacted

7   Cal. Civil Code § 1788.17.

8   **H.    PLAINTIFF HAS A STATUTORY RIGHT TO ATTORNEY'S FEES AND COSTS.**

9          Both the federal FDCPA and California RFDCPA direct the Court to award attorney's fees

10  to a prevailing consumer.  15 U.S.C. § 1692k(a)(3) and Cal. Civil Code § 1788.30(c).  A number of

11  cases decided under 15 U.S.C. § 1692k have held that an award of attorney's fees and costs is

12  required if the plaintiff prevails.[63]  The Court should award Plaintiff his reasonable attorney's fees

13  and costs incurred in this matter.

14                          **VIII.  CONCLUSION**

15         For the reasons set forth above, Plaintiff, as a matter of law, is entitled to summary judgment:

16  1) declaring that ARS' answering machine messages violated the Fair Debt Collection Practices Act,

17  15 U.S.C. §§ 1692d(6) and 1692e(11);  2) declaring that ARS's answering machine messages

18  violated the Rosenthal Fair Debt Collection Practices Act, Cal. Civil Code §§ 1788.11(b), and

19  1788.17; 3) awarding Plaintiff statutory damages in the amount of $1,000 pursuant to 15 U.S.C. §

20  1692k(a)(2)(A); 4) awarding Plaintiff a statutory penalty in the amount of $1,000 pursuant Cal. Civil

21

22         [62]  *Edstrom v. A.S.A.P. Collection Services*, 2005 U.S. Dist. LEXIS 2773, *15 (N.D. Cal.
23  February 22, 2005).

24         [63]  *See, e.g. Zagorski v. Midwest Billing Services, Inc.*, 178 F.3d 116 (7th Cir. 1997) (holding
    it was an abuse of discretion not to award attorney's fees following a stipulated judgment in the
25  amount of $100; and directing the court to award fees sufficient to compensate the attorney for the
    time spent on the case in order to encourage enforcement of the FDCPA); *Pipiles v. Credit Bureau*,
26  Inc., 886 F.2d 22 (2d Cir. 1989) (directing trial court to award fees on remand despite the lack of
    actual or statutory damages because Plaintiff had demonstrated that Defendant violated the FDCPA);
27  *Perez v. Perkiss*, 742 F. Supp. 883 (D. Del. 1990) (awarding Plaintiffs' legal services attorneys
28  $10,110 after a half-day jury trial in which Plaintiff was awarded $1,200 in damages).

1   Code § 1788.30(b); 5) awarding Plaintiff statutory damages in the amount of $1,000 pursuant to 15

2   U.S.C. § 1692k(a)(2)(A) as incorporated by Cal. Civil Code § 1788.17; 6) awarding Plaintiff the

3   costs of this action and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) and Cal. Civil

4   Code §§ 1788.30(c) and 1788.17;  and 7) awarding Plaintiff such other and further relief as may be

5   just and proper.

6                                          CONSUMER LAW CENTER, INC.

7

8                              By: /s/ Fred W. Schwinn
                                     Fred W. Schwinn, Esq.
                                     Attorney for Plaintiff
9                                    RAYMOND CHARLES MEYER

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1  Fred W. Schwinn (SBN 225575)
   CONSUMER LAW CENTER, INC.
2  12 South First Street, Suite 1014
   San Jose, California  95113-2418
3  Telephone Number: (408) 294-6100
   Facsimile Number: (408) 294-6190
4  Email Address: fred.schwinn@sjconsumerlaw.com

5  Attorney for Plaintiff
   RAYMOND CHARLES MEYER
6

7

8              IN THE UNITED STATES DISTRICT COURT
            FOR THE NORTHERN DISTRICT OF CALIFORNIA
9                     SAN JOSE DIVISION

10  RAYMOND CHARLES MEYER,              Case No.  C08-01842-RMW-PVT

11                     Plaintiff,       **DECLARATION OF RAYMOND**
                                        **CHARLES MEYER IN SUPPORT OF**
12  v.                                  **MOTION FOR SUMMARY**
                                        **JUDGMENT AGAINST DEFENDANT,**
13  ARS NATIONAL SERVICES, INC., D/B/A  **ARS NATIONAL SERVICES, INC.**
    ASSOCIATED RECOVERY SYSTEMS, a
14  California corporation, and JASON A.  Date:      July 11, 2008
    HOWERTON, individually and in his official  Time:  9:00 a.m.
15  capacity,                           Judge:     Honorable Ronald M.
                                                   Whyte
16                     Defendants.      Courtroom: Courtroom 6, 4th Floor
                                        Place:     280 South First Street
17                                                 San Jose, California

18          I, Raymond Charles Meyer, declare under penalty of perjury, under the laws of the United

19  States, 28 U.S.C. § 1746, that the following statements are true:

20          1.      I am the Plaintiff in the above captioned case.

21          2.      I have personal knowledge of the following facts, and if called as a witness,

22  I could and would competently testify thereto.

23          3.      I am a natural person residing in Santa Clara County, California.

24          4.      On a date unknown to me, I incurred a financial obligation for personal,

25  family or household use, namely a credit card account from Capital One Bank and bearing the

26  account number XXXX-XXXX-XXXX-6040.

27          5.      Thereafter, Defendants left several messages on my answering machine in an

28  attempt to collect the debt owed to Capital One Bank.

                                       -1-

6.      On or about May 9, 2007, an employee of Defendants recorded the following message on my answering machine in an attempt to collect the debt:

> Hello, this message is for Raymond, Raymond Meyer.  My name is Dillon.  Please give me a call back at your earliest convenience at 1-800-440-6613, at extension 3687.  It is important to give me a call back pertaining to file number 12044220.  Please give me a call back at your earliest convenience at 800-440-6613, extension 3687.  Thank you.

7.      On or about June 5, 2007, an employee of Defendants recorded the following message on my answering machine:

> Hello Ray.  This is Yolanda.  I do need you to give me a call back today.  You can reach me at 888-319-0986 extension 1171.  Raymond, I do need you to return my call today.  Thank you.

8.      On or about June 8, 2007, an employee of Defendants recorded the following message on my answering machine:

> Hello, this message is for Raymond, Raymond Meyer.  My name is Dillon.  Uh, please give me a call back at your earliest convenience at 1-800-440-6613, at extension 3687.  It is in reference to your file number 1204422...220.  My name is Dillon. Once again, this is an important business matter for you in reference to file number 12044220.  Please give me a call at 1-800-440-6613, at extension 3687.  Thank you.

9.      On or about June 12, 2007, an employee of Defendants recorded the following message on my answering machine:

> Hello Ray.  This is Yolanda.  I would appreciate a call back from you as soon as possible.  You can reach me at 888-319-0986 extension 1171.  Again, Raymond, I would appreciate a call back from you today.

10.     On or about June 15, 2007, an employee of Defendants recorded the following message on Plaintiff's answering machine:

> Hello, this message is for Raymond, Raymond Meyer.  My name is Dillon.  It is important that you give me a call back at your earliest convenience at 800-440-6613, at extension 3687.  I have left several messages for you, sir.  This is an, uh, ve...uh, in reference to your file number 12044220.  Please give me a call as soon as possible.  Thank you.

Executed at San Jose, California on June 6, 2008.

<u>/s/ Raymond Charles Meyer</u>
Raymond Charles Meyer

-2-

DECLARATION OF RAYMOND CHARLES MEYER                Case No. C08-01842-RMW-PVT